**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LivWell Health LLC, | No. CV-25-01119-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Southern California Eye Physicians & Surgeons, et al., | |
| Defendants. | |

The Court considers Plaintiff LivWell Health LLC d/b/a LivWell Infusions' Motion to Dismiss (Doc. 48). The Court **denies** the Motion.

**I.      BACKGROUND**

LivWell moves to dismiss Defendants' interference with business expectancy counterclaim. (Doc. 48.) The SAC alleges as follows. Defendant Southern California Eye Physicians & Surgeons (the "Practice") is a medical practice that treats patients who require medicine administered by infusion treatment. (Doc. 39 at 2.)

LivWell "specializes in operating and providing services related to medication infusion centers." (*Id.* at 3.) In October 2023, LivWell and the Practice entered into "the LivWell Physician Practice Infusion Management Services Agreement (the 'MSA')," under which, LivWell would provide "administrative services, ordering and paying the cost of the medications used in the Practice's infusion center, and billing and collecting payment from third-party payors." (*Id.*) The SAC goes on to discuss issues relating to billing and payment which are not relevant to the present Motion. (*See id.*) In short, the relationship

between LivWell and the Practice soured and the MSA was dissolved. (*See generally id.*)

Defendants, in their Answer (Doc. 44) allege that the Practice "learned that LivWell . . . intentionally interfered with the relationship between [the Practice] and patients by contacting patients and trying to persuade them to obtain care from other providers." (*Id.* at 16.) Defendants allege that they know of "at least one instance" in which the Practice lost the patient.

Defendants thus assert a claim of interference with business expectancy. Defendants allege that the Practice "had a business expectancy with its patients" and that LivWell knew of this business expectancy "having obtained access to patient identity and other patient information while delivering infusions to [the Practice's] patients." (*Id.* at 17.) "LivWell intentionally interfered with [the Practice's] business expectancy which caused a termination of [the Practice's] relationship with patients and damaged [the Practice's] reputation." (*Id.* at 17–18.)

## II.   LEGAL STANDARD

To survive a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual

matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.   DISCUSSION

"To state a claim for tortious interference with business expectancy, a plaintiff must allege '(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *ThermoLife Int'l, LLC v. Gaspari Nutrition, Inc.*, 871 F. Supp. 2d 905, 912 (D. Ariz. 2012) (citation modified) (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1041 (1985)). "Any alleged interference must have been both intentional and improper." *Id.* "A plaintiff must be able to identify a specific relationship with which the defendant interfered to state a plausible claim for relief; the speculative hope of a business expectancy

is not enough." *Id.* (citation modified) (quoting *Dube v. Likins*, 167 P.3d 93, 101 (Ariz. Ct. App. 2007)).  LivWell only challenges the first and third elements; thus, the Court only considers those elements.

While Defendants' business expectancy claim is generic, it is sufficient to survive dismissal.  Defendant satisfies the first element by alleging a business expectancy with its current patients.  *See, e.g.*, *Modulus Glob. Inc. v. Quintzy FZE LLC*, No. CV-22-01457-PHX-GMS, 2023 WL 6147567, at *3 (D. Ariz. Sept. 20, 2023) ("[The claimant] also generally alleges a business expectancy in its current and prospective clients.  This alone is sufficient to satisfy the first element.")

Defendants also satisfy the third element.  Defendants allege that LivWell "contact[ed] patients and tr[ied] to persuade them to obtain care from other providers." (Doc. 39 at 16.)  Defendants additionally allege that at least one patient left the Practice as a result of this conduct.  (*Id.*)  This is sufficient to establish that LivWell intentionally caused the termination of the Practice's business expectancy."

LivWell also argues that Defendants failed to plead LivWell acted with improper means or motive.  (Doc. 48 at 5.)  "Whether conduct is improper is an amorphous standard, and that it should be applied with caution, especially where the conduct in question takes place in the context of competitive business activities." *Two Bros. Distrib. Inc. v. Valero Mktg. & Supply Co.*, 270 F. Supp. 3d 1112, 1131 (D. Ariz. 2017), *aff'd*, 769 F. App'x 408 (9th Cir. 2019).  Several factors help determine whether an act of interference is improper:

> (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interest sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties.

*Id.*  Defendants pleaded that LivWell contacted Defendants patients, using information made available to LivWell based on its relationship with the Practice, in order to dissuade patients from returning.  The Court finds this plausibly establishes that LivWell acted improperly under the foregoing factors.

Finally, LivWell argues that Defendants' business expectancy claim is preempted by Arizona's economic loss doctrine. (Doc. 48 at 7.) Not so. "That doctrine precludes tort recovery and limits a contracting party to contractual remedies where the party only alleges economic damages." *Yerbae, LLC v. Sweat*, No. CV-25-01686-PHX-KML, 2026 WL 25101, at *8 (D. Ariz. Jan. 5, 2026) (citation modified). "Recovery is barred when the claim alleges only economic damages resulting from an alleged breach of contract." *Ares Funding, L.L.C. v. MA Maricopa, L.L.C.*, 602 F. Supp. 2d 1144, 1148 (D. Ariz. 2009) (citation modified). Here, Defendants' business expectancy claim, as alleged, is not predicated on any alleged breach of contract. *See Kenneth Eisen & Assocs., Ltd. v. CoxCom, Inc.*, No. CV-18-02120-PHX-JJT, 2019 WL 669770, at *2 (D. Ariz. Feb. 19, 2019) (noting that the economic loss doctrine typically applies in "product liability or construction defect cases" and that "in cases where courts have applied the rule outside these contexts, the parties had detailed contracts allocating risk of loss and specifying remedies").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED denying** Plaintiff LivWell Health LLC d/b/a LivWell Infusions' Motion to Dismiss (Doc. 48).

Dated this 22nd day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 5 -